People v Condon (2026 NY Slip Op 01249)

People v Condon

2026 NY Slip Op 01249

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CR-24-0220
[*1]The People of the State of New York, Respondent,
vJoshua R. Condon, Appellant.

Calendar Date:February 6, 2026

Before:Garry, P.J., Aarons, Pritzker, McShan and Corcoran, JJ.

Angela Kelley, East Greenbush, for appellant.
Shawn J. Smith, District Attorney, Delhi, for respondent.

Appeal from a judgment of the County Court of Delaware County (Michael Getman, J.), rendered on March 6, 2023, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminal sexual act in the first degree. In satisfaction thereof, as well as another pending charge, defendant pleaded guilty to the charged crime in the superior court information, with the understanding that he would be sentenced, as a second felony offender, to a prison term of 20 years, to be followed by 10 years of postrelease supervision. The plea agreement also purportedly required defendant to waive the right to appeal. County Court thereafter imposed the agreed-upon sentence to run concurrently with a sentence defendant was already serving. Defendant appeals.
We affirm. Initially, we agree with defendant that his waiver of the right to appeal was not knowing, intelligent and voluntary. During the plea colloquy, County Court indicated that challenges to the voluntariness of the appeal waiver and the legality of the sentence were encompassed by the waiver, and the written waiver contained similarly overbroad language that defendant was waiving the right to appeal his "[s]entence." Given that both the oral colloquy and the written waiver "used overbroad language that mischaracterized the scope of the rights to be waived," defendant's waiver of the right to appeal is invalid (People v Douglas, 226 AD3d 1162, 1163 [3d Dept 2024], lv denied 42 NY3d 970 [2024]; see People v Lewis, 236 AD3d 1178, 1178 [3d Dept 2025]). Accordingly, defendant's challenge to the severity of the sentence is not precluded (see People v Gouge, 239 AD3d 1143, 1144 [3d Dept 2025]; People v Rhodes, 238 AD3d 1383, 1384 [3d Dept 2025]). However, given defendant's extensive criminal history and the favorable plea agreement which resolved a pending charge and avoided consecutive sentences, we cannot find that the agreed-upon sentence is unduly harsh or severe (see CPL 470.15 [6] [b]; People v Terry, 226 AD3d 1215, 1216 [3d Dept 2024]), and we decline to reduce it in the interest of justice (see CPL 470.15 [3] [c]).
Garry, P.J., Aarons, Pritzker, McShan and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.